FILED

2015 Jul-21  PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **BRIAN R. TINSLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:15-CV-123-VEH** |
| | ) |
| **BP CORPORATION NORTH** | ) |
| **AMERICA, INC. and BP** | ) |
| **AMERICA, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

### I.  Introduction and Procedural History

Plaintiff Brian R. Tinsley ("Mr. Tinsley"), who is proceeding *pro se*, initiated this breach of contract action on January 23, 2015. (Doc. 1). The case arises out of Mr. Tinsley's efforts to become a commissioned broker of petroleum products for BP Corp. and/or BP America, which began in February 2013. (Doc. 15 at 4 ¶ 15).

The four defendants originally named in his lawsuit were BP Corporation North America, Inc. ("BP Corp."), BP America, Inc. ("BP America"), Craig Cerise ("Mr. Cerise"), and Lynette Otto ("Ms. Otto"). (Doc. 15). After the court's dismissal order (Doc. 36) entered on June 16, 2015, in response to Defendants' Motion To Dismiss (Doc. 25), the two defendants that remain are BP Corp. and BP America.

Within this same June dismissal order, the court noted numerous deficiencies with Mr. Tinsley's complaint and required him to replead only his plausible claims no later than July 20, 2015, or risk a dismissal of his entire case. (*See* Doc. 36 at 16 ("__The court cautions Mr. Tinsley that the failure to replead his complaint in an acceptable manner that comports with the Federal Rules of Civil Procedure as required by this order may result in a dismissal of his entire case with prejudice__.")). This deadline has passed without any filing from Mr. Tinsley. Under such circumstances and as explained more fully below, the court concludes that Mr. Tinsley's case against BP Corp. and BP America is due to be dismissed without prejudice *sua sponte*.

## II.   Analysis

As the foregoing procedural history reveals, Mr. Tinsley has neither complied with the requirement that he replead his claims nor provided any explanation for this non-compliance. Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Further, case law reinforces that, as a result of Mr. Tinsley's failure to comply with the repleader order or otherwise indicate an intent that he still wishes to pursue claims against BP Corp. and BP Amercia (*e.g.*, such as by seeking an extension of

2

time in which to restate his complaint), the court possesses the inherent power to dismiss his case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of the court's order requiring repleader, Mr. Tinsley was put on notice that

3

the court would consider dismissing his case for lack of prosecution if he failed to timely and adequately comply (Doc. 36 at 16) and, nonetheless, he ignored that warning and filed nothing. "[A] plaintiff who ignore[s] notices and orders of the court [is not] excused merely because of h[is] *pro se* status." *Moon*, 863 F.2d at 838 n.5 (citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 (5th Cir. 1980));[1] *see also Moon*, 863 F.2d at 837 ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Guided by the foregoing legal framework, the court concludes that dismissing Mr. Tinsley's action against BP Corp. and BP America "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as Mr. Tinsley is representing himself. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Simply put, a "without prejudice" dismissal means that the merits of Mr. Tinsley's claims against BP Corp.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

and BP America, if any, are not barred from further litigation by such an order. Further, a "without prejudice" dismissal is consistent with the court's prior dismissal of Mr. Cerise and Ms. Otto for lack of personal jurisdiction. (Doc. 36 at 14).

## III.    Conclusion

Therefore, Mr. Tinsley's claims against the remaining defendants BP Corp. and BP America are due to be dismissed without prejudice due to his failure to prosecute as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's June 16, 2015, memorandum opinion and order. Further, in the absence of any other claims pending and consistent with the court's unambiguous forewarning, Mr. Tinsley's lawsuit is due to be dismissed without prejudice as well. The court will enter a separate order in conformance with this memorandum opinion.

**DONE** and **ORDERED** this the 21st day of July, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge